UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL EDWARD LOWE,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF OAKLAND POLICE DEPARTMENT,<br><br>             Defendant. | Case No. 22-cv-04607-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Plaintiff Darryl Edward Lowe filed a complaint and application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1-2.] Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **October 21, 2022**.

I.     **LEGAL STANDARD**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Section 1915 also "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . [such as] claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

## II. DISCUSSION

Plaintiff's handwritten complaint is confusing, repetitive, and difficult to follow. Plaintiff explains that he is homeless, and he attaches to his complaint a copy of his California driver's license with an address in San Diego. Liberally construed and summarized, Plaintiff appears to

claim that a single, unidentified officer with the Oakland Police Department gained access into Plaintiff's confidential prison or parole files without authorization and is using the information in it against Plaintiff. Plaintiff explains that these government documents are "top secret confidential C-files," contain photographs of him, and date back to 1995 when he was incarcerated and later under supervised release in Richmond, California. Plaintiff also appears to contend that he himself is a former police officer or former "police rat" or "jail-house snitch," and that the confidential documents contain information about his conduct in that role. Plaintiff does not explain who the Oakland Police officer is or how or when he obtained these files.

Plaintiff contends that the officer distributed the contents of the documents in an "all points bulletin" to out-of-state police departments. Now, other police agencies are using the information against him, and the information has "followed" him as he has moved to other states. For instance, the disclosure and distribution and of this information about him has exposed him to "local thugs and hoodlums that are crack cocaine dealers." Plaintiff also explains that he was assaulted in Boulder, Colorado while living in an emergency shelter there. He claims that Denver Police Department knew about the confidential information in his government files, relayed it to the Boulder Police Department, and conspired with his assailant and the Boulder police to kick him out of the shelter. He also claims that his confidential files "came up" after he flew to Honolulu and was at a shelter there. Plaintiff contends that he learned all this while he was living on the streets in other states. Plaintiff claims that the improper use of these government documents has damaged his reputation, defamed him, and caused him hardship and depression. Plaintiff seeks $250,000 in compensatory damages and $1,000,000 in punitive damages.

Plaintiff's complaint does not state any cognizable claims for relief. Plaintiff's claims that the Oakland Police Department improperly accessed his prison or parole files are vague on all details, and Plaintiff does not offer any legal authority that would bar Defendant from accessing those files. Nor does he identify any law that would permit him to sue Defendant for the actions he describes. Plaintiff captions his complaint as a "civil suit for civil rights" under 42 U.S.C. § 1983, but he does not explain what civil right Defendant allegedly violated. Plaintiff also does not explain how Defendant defamed him or caused him reputational harm. Accordingly, the court

3

finds that the complaint fails to state any claim for relief.[1]

## III. CONCLUSION

For the reasons above, the court grants Plaintiff's IFP Application and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint addressing the deficiencies identified in this order by **October 21, 2022.** Specifically, Plaintiff must explain what rights he claims Defendant violated and how, and/or identify other statutory bases for his claims. Plaintiff must also explain his defamation claim. If Plaintiff does not file a timely first amended complaint, the court will recommend that his action be dismissed. The Case Management Conference set for November 16, 2022 is vacated and will be re-set by the court at a later date.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: September 21, 2022

_____
Donna M. Ryu
United States Magistrate Judge

---

[1] Plaintiff also filed a motion for temporary restraining order. [Docket No. 3.] A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1093 (N.D. Cal. 2012) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiff's motion simply sets forth the applicable legal standard for a temporary restraining but does not explain what he seeks or why he is entitled to such an extraordinary remedy. Accordingly, the motion is denied.